# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA
# COURT FILE NO.: _____

| | |
|---|---|
| Susanne Polzin, on behalf of herself and all others similarly situated,<br><br>Plaintiff,<br>v.<br><br>EquityExperts.org Midwest LLC,<br><br>Defendant. | **CLASS ACTION COMPLAINT**<br><br>**JURY TRIAL DEMANDED** |

## INTRODUCTION

1. This action arises out of Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et. seq.* ("FDCPA"). Defendant has left multiple telephonic messages to Plaintiff in which Defendant, a debt collector, fails to state the calls were from a debt collector, in violation of 15 U.S.C. §§ 1692d, 1692d(6), 1692e, and 1692e(11).

## JURISDICTION

2. Jurisdiction of this Court arises under 28 U.S.C. § 1331 and pursuant to 15 U.S.C. § 1692k(d).

3. Venue is proper in this District because Plaintiff resides here, the acts and transactions occurred here, and Defendant transacts business here.

## PARTIES

4. Plaintiff, Susanne Polzin (hereinafter "Plaintiff"), is a natural person who resides in the City of New Brighton, County of Ramsey, State of Minnesota, and is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

5. Defendant, EquityExperts.org Midwest LLC (hereinafter "Defendant"), is a Business Corporation, organized under the laws of Minnesota, registered at the following address: 1660 S. Highway 100, STE 500A, St. Louis Park, MN 55416, and a home office address of 2391 Pontiac Road, Auburn Hills, MI 48326.

6. Defendant is engaged in the collection of debts from consumers using the mail and telephone. Defendant regularly attempts to collect consumer debts alleged to be due to another. Defendant is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

## FACTUAL ALLEGATIONS

7. Plaintiff allegedly incurred a financial obligation with the Innsbruck Park Townhomes HOA, Inc., which is a creditor as the term is defined by 15 U.S.C. § 1692a(4).

8. The alleged debt was for Home-Owner Association Fees and is primarily for personal, family or household purposes, which is a "consumer debt," as that term is defined by 15 U.S.C. § 1692a(5).

9. Sometime prior to April 2018, the alleged debt was consigned, placed, sold, assigned or otherwise transferred to Defendant for collection.

10. From April 2018 to September 2018 Plaintiff received numerous voicemail messages on her answering service in which Defendant failed to state the calls were from a debt collector, in violation of 15 U.S.C. §§ 1692d, 1692d(6) and 1692e, and 1692e(11).

11. Specifically, Plaintiff received a voicemail from Defendant's agent "Ken" that left a scripted voicemail message, which stated:

    a. "Good afternoon, this message is for Susanne Polzin. My name is Ken with Equity Experts, please give us a call at 855-321-3973."

12. Specifically, on April 26, 2018 Defendant's agent "Candice" left a scripted voicemail message, which stated:

    a. "Hi, this message is for Susanne. This is Candice with Equity Experts. Please give me a call at (855) 321-3973. Thank you."

13. On May 17, 2018, unsure of the purpose of Defendant's numerous voicemail messages, Plaintiff called Defendant.

14. On May 19, 2018, Plaintiff received another voicemail message stating:

    a. "This message is for Susanne Polzin. My name is Cecilia with Equity Experts. Please give me a call in regards to your HOA. (855) 321-3973."

15. On July 31, 2018, unsure of the purpose of Defendant's numerous voicemail messages, Plaintiff called Defendant.

16. On September 31, 2018, Plaintiff received an answering machine message stating:

    a. This message is for Susanne Polzin. This is Cecilia with Equity Experts in regards to your HOA. Please give me a call back at (855) 321-3973."

17. On information and belief, Plaintiff received a number of similar messages.

18. It is the policy and practice of Defendant to leave voicemail messages that do not state the purpose of the call or that Defendant is a debt collector in violation of 15 U.S.C. §1692e, 1692e(11) and 1692f.

19. Defendant's failure to disclose that it was a debt collector, was an unfair and deceptive attempt to collect this debt, which materially misled Plaintiff as to who was calling, and which affected and frustrated Plaintiff's ability to intelligently respond to this collection call.

20. Plaintiff suffered actual damages in the form of misunderstanding, confusion and concern as to who was communicating with her and why after hearing the vague messages left by Defendant.

## CLASS ALLEGATIONS

21. Plaintiff brings this action individually, and as a class action on behalf of all Minnesota consumers from whom Defendant attempted to collect consumer debts by leaving the same or similar scripted or automated collection telephone voicemail messages described herein that failed to disclose that Defendant was a debt collector. The class period begins one year prior to the filing of this class action complaint to the present.

22. Defendant regularly engages in debt collection using the same or similar form collection telephone messages it left for the Plaintiff in its attempts to collect from other consumers.

23. The class is so numerous that joinder of all members is impracticable. Although the precise number of Class members is known only to Defendant, Plaintiff avers upon information and belief that Defendant has left more than 50 scripted or automated collection messages similar to those left for Plaintiff on other Minnesota consumer's voicemail answering services. Accordingly, Plaintiff estimates that the class size numbers is more than 50 Minnesota consumers whose identifying information is known to Defendant.

24. Plaintiff's claims are typical of the claims of the Class. Common questions of law or fact raised by this class action complaint affect all members of the Class and predominate over any individual issues. Common relief is therefore sought on behalf of all members of the Class. A class action is superior to other available methods for the fair and efficient adjudication of this controversy.

25. The prosecution of separate actions by individual members of the Class would create a risk of inconsistent or varying adjudications with respect to the individual members of the Class, and a risk that any adjudications with respect to the individual members of the Class would, as a practical matter, either be dispositive of the interests of other members of the Class not a party to the adjudication, or substantially impair or impede their ability to protect their interests.

26. Defendant has acted or refused to act on the grounds generally applicable to the Class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the Class as a whole.

27. A class action is a superior method for the fair and efficient adjudication of this controversy. The interest of Class members in individually controlling the prosecution of separate claims against Defendant is slight because the maximum statutory damages are limited to up to $1,000.00 under the FDCPA. Management of the Class claims is likely to present significantly fewer difficulties than those presented in many individual claims. The identities of the Class members may be obtained from Defendant's records.

28. Plaintiff will fairly and adequately protect and represent the interest of the Class. The management of the class action proposed is not extraordinarily difficult, and the factual and legal issues raised by this class action complaint will not require extended contact with the members of the Class because Defendant's conduct was perpetrated on all members of the Class, and will be established by common proof. Moreover, Plaintiff has retained counsel experienced in actions involving class actions and consumer protection laws, including the FDCPA.

## TRIAL BY JURY

29. Plaintiff is entitled to and hereby demands a trial by jury. U.S. Const. amend. VII; Fed. R. Civ. P. 38.

## CAUSE OF ACTION

## COUNT I

## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT – 15 U.S.C. § 1692 *et. seq.*

30. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein. The foregoing acts and omissions of Defendant constitute numerous and multiple violations of the FDCPA, including, but not limited to each and every one of the above-cited provisions of the FDCPA, 15 U.S.C. § 1692 *et. seq.*

31. Each telephone message described herein was a "communication" within the meaning of 15 U.S.C. §§ 1692d(6) and 1692e. Foti v. NCO Financial Systems, 424 F.Supp.2d 643, 669 (S.D.N.Y. 2006); Hosseinzadeh v. M.R.S. Associates, Inc., 387 F.Supp.2d 1104, 1112, 1118 (C.D.Cal. 2005); Joseph v. J.J. MacIntyre Cos., 281 F.Supp.2d 1156 (N.D.Cal. 2003); Stinson v. Asset Acceptance, LLC,1:05cv1026 WL 1647134, 2006 U.S. Dist. LEXIS 42266 (E.D. Va., June 12, 2006); Belin v. Liton Loan Servicing, LP, 8:06-cv-760-T-24 EAJ, 2006 U.S. Dist. LEXIS 47953 (M.D.Fla., July 14, 2006). *See* Baker, 554 F.Supp.2d at 949–50; Ostrander v. Accelerated Receivables, No. 07–CV–827C, 2009 WL 909646, at *6 (W.D.N.Y. Mar.31, 2009) (holding that "[a] telephone message that merely states the name of a person to contact and a telephone number at which to reach that person does not provide meaningful disclosure" and states a claim under both § 1692d(6) and § 1692e(11)).

32. The foregoing acts and omissions of Defendant constitute numerous and multiple violations of the FDCPA, including but not limited to each and every one of the above-cited provisions of the FDCPA, 15 U.S.C. § 1692 *et. seq.*

33. As a result of Defendant's violations of the FDCPA, Plaintiff has suffered and is entitled to actual damages pursuant to 15 U.S.C. § 1692k(a)(1); statutory damages pursuant to 15 U.S.C. § 1692k(a)(2)(A); and, reasonable attorney's fees and costs, pursuant to 15 U.S.C. § 1692k(a)(3), from Defendant.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff respectfully prays that relief be granted as follows:

34. That an order be entered certifying the proposed Class under Rule 23 of the Federal Rules of Civil Procedure and appointing Plaintiff and her counsel to represent the Class;

35. That an order be entered declaring that Defendant's actions as described above are in violation of the FDCPA;

36. That judgment be entered against Defendant for statutory damages pursuant to 15 U.S.C. § 1692k(a)(2)(A) and (B);

37. That the Court award costs and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3); and

38. That the Court grant such other and further relief as may be just and proper.

Dated: January 24, 2019.  Respectfully submitted,

By: s/Mark L. Vavreck

Mark L. Vavreck, Esq.
Attorney I.D. #: 318619
GONKO & VAVRECK, PLLC
Designers Guild Building
401 North Third Street, Suite 600
Minneapolis, MN 55401
Telephone:  (612) 659-9500
Facsimile:   (612) 659-9220

Thomas J. Lyons, Jr., Esq.
Attorney I.D. #: 249646
CONSUMER JUSTICE CENTER, P.A.
367 Commerce Court
Vadnais Heights, MN 55127
Telephone:  (651) 770-9707
Facsimile:   (651) 704-0907
Email: tommy@consumerjusticecenter.com

***ATTORNEYS FOR PLAINTIFF***

**VERIFICATION OF COMPLAINT AND CERTIFICATION BY PLAINTIFF**

STATE OF MINNESOTA     )
                       ) ss
COUNTY OF RAMSEY       )

    I, Susanne Polzin, having first been duly sworn and upon oath, depose and say as follows:

1. I am the Plaintiff in this civil proceeding.

2. I have read the above-entitled civil Complaint prepared by my attorneys and I believe that all of the facts contained in it are true, to the best of my knowledge, information, and belief, formed after reasonable inquiry.

3. I believe that this civil Complaint is well grounded in fact and warranted by existing law or by a good faith argument for the extension, modification, or reversal of existing law.

4. I believe that this civil Complaint is not interposed for any improper purpose, such as to harass Defendant, cause unnecessary delay to Defendant, or create a needless increase in the cost of litigation to the Defendant named in the Complaint.

5. I have filed this civil Complaint in good faith and solely for the purposes set forth in it.

s/ Susanne Polzin
Susanne Polzin

Subscribed and sworn to before me
this 23rd day of January 2019.

s/ K. L.
Notary Public

KATHERINE MARIE LINDSTROM
Notary Public-Minnesota
My Commission Expires Jan 31, 2022

10